# COURTROOM MINUTE SHEET

DATE    6-12-19

CRIMINAL NO.    CR-15-043-1    -F

United States -vs-    Israa Jafar Ali

COMMENCED    9:30    ENDED    10:05    TOTAL TIME    35 min.

PROCEEDINGS    Final revocation hearing

JUDGE STEPHEN P. FRIOT    DEPUTY LORI GRAY    REPORTER TRACY THOMPSON

PLF COUNSEL    Edward Kumiega

DFT COUNSEL    William Campbell

PROBATION OFFICER    Kelly Edwards

The defendant appears in custody of USM.

The defendant admits violation nos. 1-4 as alleged in the 5/16/19 Petition for Warrant or Summons for Offender Under Supervision (doc. no. 151).

The court **FINDS** that violation nos. 1-4 of the 5/16/19 Petition have been established as asserted by a preponderance of the evidence.

The court hears from counsel regarding disposition. The court hears a statement from the defendant.

The court finds that the defendant's criminal history category is I and the most serious violation is a Grade C violation, resulting in an advisory guideline imprisonment range of 3 to 9 months. The provisions of the PROTECT Act are applicable. The court has considered the factors in 18 U.S.C. § 3553 and the policy statements in Chapter 7 of the Sentencing Guidelines.

The court **REVOKES** the defendant's term of supervised release and orders the defendant committed to the custody of the Bureau of Prisons to be imprisoned for a term of 2 months.

Upon release from imprisonment, the defendant shall be on supervised release for a term of 20 months.

The court orders the mandatory and standard conditions of supervision that were approved by the Judicial Conference effective November 1, 2016.

In addition to the mandatory and standard conditions, the court orders the following special conditions:

Upon release from imprisonment, the defendant shall reside at Community House for residential drug treatment for a period of up to 90 days.

The defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer to include urine, breath, or sweatpatch testing; and outpatient treatment. The defendant shall totally abstain from the use of alcohol and other intoxicants both during and after completion of any treatment program. The defendant shall not frequent bars, clubs, or other establishments where alcohol is the main business. The court may order that the defendant contribute to the costs of services rendered (copayment) in the amount to be determined by the probation officer based on the defendant's ability to pay.

The defendant shall participate in a program of mental health aftercare at the direction of the probation officer. The court may order that the defendant contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

The defendant must submit to a search of her person, property, electronic devices or any automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting controlled substances, drug trafficking activity, and/or drug paraphernalia; and/or evidence of stolen, fraudulently obtained or counterfeit checks, financial documents, unreported assets, or evidence of fraudulent or counterfeiting activity, and/or evidence of prostitution activity at the direction of the probation officer upon reasonable suspicion. Further, the defendant must inform any residents that the premises may be subject to a search.

The defendant is advised of her appeal rights.

The defendant is remanded to the custody of the USM.

15-0043x008 (Ali).docx